MARGARET J. KUNZ et al., Plaintiffs, *v.* FANNIE SILVER et al., Defendants.

Supreme Court, Special Term, Queens County, November 29, 1950.

*Mae T. Korn* for defendants.

*Charles Belous* for plaintiffs.

Plaintiffs are husband and wife. The first cause of action, in behalf of the plaintiff wife, alleges that the defendants defamed her by falsely accusing her of committing adultery with the husband of defendant Silver. The libel was allegedly published by the defendant Silver in her complaint in an action for divorce, and by the defendant Ostrow in an affidavit made by him in support of defendant Silver's application for temporary alimony. Were these the only charges of publication, the action would have to be dismissed, for there can be no question that a charge of adultery is pertinent to an action for divorce, and statements made either by parties or witnesses, if pertinent to the action, are privileged. (*Link* v. *Moore,* 84 Hun. 118, affd. 156 N. Y. 661.) The reason underlying this doctrine is to facilitate the administration of justice by enabling parties and witnesses to testify freely without fear of being sued for libel.

While privilege is usually a matter of defense, the question can be raised by motion under rule 106 of the Rules of Civil Practice if it appears from the face of the complaint that the utterances were privileged. (*Chapman* v. *Dick,* 197 App. Div. 551.)

Plaintiffs allege, however, that defendants also caused an article containing the defamatory statements to be published in a daily newspaper. Whether they did or not is a matter of proof, but for the purpose of this motion, we must assume the allegations of the complaint to be true. (*Locke* v. *Pembroke,* 280 N. Y. 430.) Upon this assumed state of facts, the complaint states a cause of action. Defendants' privilege extends only to their testimony as party or witness and confers no immunity upon them for any statements they may have caused to be published elsewhere. Accordingly, as to the first cause of action, the motion to dismiss is denied.

The second cause of action, in behalf of the plaintiff husband, realleges the allegations of the first cause of action and special damages, including, among other things, the loss of his wife's services. Insofar as any unprivileged publication in a newspaper is concerned, the second cause of action is sufficient (*Garrison* v. *Sun Print. & Pub. Assn.,* 207 N. Y. 1), and the motion to dismiss it is denied.

In the third cause of action, both plaintiffs allege that defendants conspired to defraud defendant Silver's husband of his interest in a certain corporation by falsely accusing him of adultery with plaintiff wife, said accusation being a part of their scheme to force him to relinquish his interest in the corporation. That defendants allegedly worked in concert to accomplish their plans does not constitute an additional cause of action. Where an alleged conspiracy " results in the commission of that which would be an actionable tort, whether committed by one or by many, then the cause of action is the tort, not the conspiracy." (*Green* v. *Davies,* 182 N. Y. 499, 505.) The third cause of action is insufficient and the motion to dismiss it is granted.

Settle order on notice.