Walter R. Hart. J.
The complaint herein, challenged for insufficiency, alleges that plaintiff is the mother of Ellen Patricia *904 Huley, an infant 16 years of age, that she had placed her daughter with the Welfare Department of the City of New York, which in turn placed her temporarily with defendant New York Foundling Hospital with the understanding that the infant would be returned to plaintiff when she xvas able to care for the infant in her home. It is further alleged that the Foundling Hospital placed the child with defendants Keane with the same understanding. The complaint then alleges that defendants Keane “ discouraged and prevented the plaintiff from visiting her said infant daughter ” and “ restrained and prevented her daughter from seeing and visiting the plaintiff and counseled and induced the said infant to run away, abandon and desert the plaintiff, and prevented plaintiff’s daughter from returning to and living with plaintiff in her home.” It is further alleged that the acts of the defendants Keane ‘ ‘ were done with the connivance, consent and active participation of the defendant New York Foundling Hospital and were committed and done with a wilful and malicious purpose to accomplish a perversion of justice amounting to a conspiracy between the defendants to keep the plaintiff and her infant daughter separate and apart and to prevent the said infant from returning to and living with and in the plaintiff’s home in the natural and accepted relation of mother and daughter and has caused the plaintiff great mental torture and suffering and grief and has deprived tier of the association and company of her daughter ”.
It is to be observed in passing that not a single date with respect to any of these incidents is set forth in the complaint. However, no corrective motion to make more definite and certain has been addressed thereto. The instant motion is limited to the issue as to the sufficiency of the complaint. The question is raised by defendants’ contention that the allegations set forth simply a cause of action for alienation of the affection of plaintiff’s infant daughter, that such an action was not cognizable at common law and that if it were it is now barred by public policy as expressed in article 2-A of the Civil Practice Act. The purported dilemma created by the form of this contention is self-defeating. If, as is the fact, such an action were not maintainable at common law (Miles v. Cuthbert, 122 N. Y. S. 703; Restatement, Torts, § 699; Pyle v. Waechter, 202 Iowa 695), then it was not one of “ The remedies * * * subjected to grave abuses, causing extreme annoyance [and] embarrassment ” (Civ. Prac. Act, § 61-a).
It is apparent, however, that the complaint purports to allege, though insufficiently, not simply alienation of affections of the child but also an interference with the custody, association *905 and companionship of the infant. Such facts, if properly set forth, would be actionable. (Cf. Pyle v. Waechler, supra.) The controlling rule, buttressed by cited authorities, is succinctly set forth in Prosser, Law of Torts (2d ed., pp. 692-693):
‘ ‘ While about half of the courts still appear to require a loss of ‘ services ’ as the foundation for the action, most of them are willing to find a ‘ constructive ’ loss whenever the plaintiff has the right to services, although none are being rendered, as in the case of the kidnapping of a child four months old. Once loss of services is established, the parent is allowed to recover damages for deprivation of the child’s society, expenses to which he has been put in recovering it, and the wound to his own feelings. A few courts, recognizing that the real cause of action is the interference with the relation, have adopted the ‘ modern view ’ that loss of services is not essential where a child has been taken from its parent, and that such other damages are a sufficient basis for the action. The two courts which thus far have considered the question have held, however, that no action will lie for the mere alienation of the child’s affection, in the absence of either seduction or removal from home.
‘ ‘ With these qualifications, the defendant may be liable for abducting the child by force, for enticing it away from its parent, or for ‘ harboring ’ it in the sense of inducing or encouraging it to remain away from home. The consent of the child is of course no defense to the parent’s action.” (See, also, 27 Col. L. Rev. 604.)
Defendants’ contention that plaintiff’s sole remedy for interference with custodial rights is a writ of habeas corpus is without merit. As seen from the foregoing, a violation of those rights is actionable. The New York law, as expressed in Pickle v. Page (252 N. Y. 474) dispenses with the necessity, in cases involving interference with custody, of establishing loss of services and holds that the parents are entitled to recover for injured feelings and to an award of punitive damages.
The complaint herein, however, is so garbled and vague that it must be deemed insufficient. It alleges the voluntary placement of the child and alleges in paragraph 8 that defendants “ induced the said infant to run away, abandon and desert the plaintiff, and prevented plaintiff’s daughter from returning to and living with plaintiff in her home ’ ’ and in paragraph 9 that defendants induced and prevented “ said infant from returning to plaintiff’s home.” There appears to be a hiatus in the factual background as to whether the infant at any time did reside with plaintiff before she was induced “ to run away, abandon and desert the plaintiff” and restrained her from *906 returning to plaintiff. Defendants in their brief assert that plaintiff never did seek or acquire custody. This is controverted in plaintiff’s reply memorandum. The facts with respect thereto may not be gleaned from the complaint. The court fails to comprehend how the infant could run away from plaintiff and be restrained from returning to her if she never resided with her.
Plaintiff, in an effort to sustain the sufficiency of the complaint, alleges that defendants Keane violated the duty of foster parents to orient the child properly so as to prepare her for her eventual return to plaintiff. This contention is bottomed on the opinion of the court in Matter of Jewish Child Care Assn. of N. Y. v. Sanders (5 N Y 2d 222). The language culled from that opinion in a habeas corpus proceeding is not apposite to sustain an action - for damages predicated on a violation of the duty. Not every violation of duty is actionable. The opinion quoted from was applicable to the facts there present, namely, a proceeding by a social welfare organization to recover custody of an infant from foster parents who had become attached to the child left in their care and refused to surrender the child on demand. In appraising language of an opinion it must be borne in mind that “ opinions must be read in the setting of the particular cases and as the product of preoccupation with their special facts.” (Freeman v. Hewit, 329 U. S. 249, 252, quoted in Danann Realty v. Harris, 5 N Y 2d 317, 322.)
The complaint with respect to defendant Foundling Hospital alleges that the acts of defendants Keane were done with the connivance, consent and active participation of the hospital and were committed and done with the willful and malicious purpose to accomplish a perversion of justice amounting to a conspiracy. The complaint is patently deficient as to this defendant since it fails to allege any tortious acts on its part. Charging a conspiracy without alleging any act on this defendant’s part is insufficient since the tort and not the conspiracy is actionable. (Cf. Green v. Davies, 182 N. Y. 499; Kunz v. Silver, 198 Misc. 1032; Heller v. Brown, 101 N. Y. S. 2d 355.)
Accordingly, the motion to dismiss is granted, with $10 costs. Plaintiff, if so advised, may amend her complaint within 10 days after service of a copy of the order with notice of entry.
Settle order on notice.