Leonard L. Fine, J.
This is an action to recover damages ostensibly arising out of mental anguish caused by the fact that the defendant failed to conform to the provisions regarding custody and visitation in the judgment of divorce made on March 28, 1974 in the Supreme Court of Rockland County.
The court addresses itself primarily to the motion to dismiss the complaint herein, since the granting of this branch of the motion would render moot the application for a change of venue.
A careful search for precedent reveals that the question of compensability for mental anguish suffered by one parent by reason of the interference with custody of a child by the other has not hitherto been adjudicated in -the Second Department although the Appellate Division, First Department, has approved the rule in McGrady v. Rosenbaum (62 Misc 2d 182. affd. 37 A D 2d 917) by its affirmance without opinion.
*647 The Court of Appeals has as yet made no pronouncement directly upon this question and to that extent the issue raised herein is .still open. The attitude of the court, however, is expressed in Weicker v. Weicker (22 N Y 2d 8) which seems to bear on all situations arising out of matrimonial differences.
It would appear, therefore, that the law in this State has not yet reached the point where the mental anguish allegedly suffered in this case is compensable. In the. McQrady case {supra, p. 188), the court stated: “ The remedy against a spouse who violates a court order respecting custody or visitation by removing the child from the State is by way of1 contempt or by precluding her standing to challenge the order or to enforce its support provisions, not by an action for damages. (Matter of Dillon, 278 App. Div. 735; Strnad v. Strnad, 194 Misc. 743.) Custody may be awarded to the father in an appropriate action, in such cases. (Matter of Whittemore v. Whittemore, 202 Misc. 175; Matter of Denberg v. Denberg, 34 Misc 2d 980.) But this does not authorize damages.”
That case then goes on to cite Weicker v. Weicker, as follows (p. 190): “ As stated in Weicker v. Weicker (22 N Y 2d 8) at page 11: ‘ Assuming that New York law now permits “ recovery for the intentional infliction of mental distress without proof of the breach of any duty other than the duty to refrain from inflicting it ” (Halio v. Lurie, 15 A D 2d 62, 66; see, also, Battalla v. State of New York, 10 N Y 2d 237; Ferrara v. Galluchio, 5 N Y 2d 16, 21), strong policy considerations militate against judicially applying these recent developments in this area of the law to the factual context of a dispute arising out of matrimonial differences. To sustain the claim for damages would result in a revival of evils not unlike those which prompted the Legislature in 1935 to outlaw actions for alienation of affections and criminal conversation. (L. 1935, ch. 263; Civil Bights Law, § 80-a, formerly Civ. Prae. Act, § 61-b).’ ” In McQrady, as in the instant motion, the court was considering a motion to dismiss the complaint.
It would appear, therefore, that as between the parents of the child, an action for damages for mental anguish resulting from interference with custodial rights is not actionable. The other cases cited in the memoranda submitted by the respective parties, to wit, Pickle v. Page (252 N. Y. 474), McEntee v. New York Foundling Hosp. (21 Misc 2d 903), as well as Lisker v. City of New York (72 Misc 2d 85), are all cases involving the parents of the infants and third parties.
*648 As to the portion of the action for damages which involves attorney’s fees, this is amply covered by section 237 of the Domestic Relations Law. It appears that there was a habeas corpus proceeding pending between the parties in Rockland County in September 1974, and it does not appear from the papers what, if any, disposition was made with regard thereto. In any event, it is conceded by the attorney for the plaintiff that the application for counsel fees is a minor part of the action.
Under all of the facts and circumstances hereinabove set forth, the motion to dismiss the complaint is granted and, consequently, the court has no need to address itself to the balance of the motion.