[No. B007703. Second Dist., Div. Two. May 22, 1985.]

DANIEL SURINA et al., Plaintiffs and Appellants, v.
BILL LUCEY, Defendant and Respondent.

COUNSEL

Thomas & Price and John DeGomez for Plaintiffs and Appellants.

Paul Klein for Defendant and Respondent.

OPINION

**COMPTON, Acting P. J.**—Plaintiffs in an action captioned "Complaint for Personal Injury (Interference with Personal Relationship; Intentional Infliction of Emotional Distress; Negligent Infliction of Emotional Distress)" appeal from a judgment of dismissal entered after the trial court sustained, without leave to amend, a demurrer to the second amended complaint.

The applicable rules of appellate review need little discussion. ▮ On an appeal from a judgment entered after the sustaining of a general demurrer, this court must assume the truth of all properly pleaded allegations of the complaint. (*Loehr* v. *Ventura County Community College Dist.* (1983) 147 Cal.App.3d 1071, 1076 [195 Cal.Rptr. 576].) Unless clear error or abuse of discretion is demonstrated, however, the judgment of dismissal must be affirmed. (*Owens* v. *Foundation for Ocean Research* (1980) 107 Cal.App.3d 179, 182 [165 Cal.Rptr. 571].) The fundamental question for the reviewing court is whether *any* cause of action is framed by the facts alleged in the complaint. (*Wilson* v. *Household Finance Corp.* (1982) 131 Cal.App.3d 649, 655 [182 Cal.Rptr. 590].)

Having thoroughly reviewed the record and the pertinent law, we are convinced that the trial court erred in sustaining the demurrer and the judgment must therefore be reversed.

Although the complaint is somewhat prolix and anything but a model of pleading, the substantive facts may be briefly summarized as follows. Plaintiffs are the parents of a minor child, Kelly, who was born in March 1966. On or about June 2, 1982, defendant, who is Kelly's maternal uncle, removed her from the custody and control of her parents without their consent, and continued to abduct and entice her from her parents' home after that date. Defendant, who is approximately 30 years old, engaged in sexual relations with the minor from June 2, 1982, until January 1983, and continued in this behavior even after plaintiffs made numerous requests that he cease this incestuous conduct. On July 29, 1982, defendant induced Kelly to lie to her grandparents about the nature of his relationship with her, telling her that no one in her family loved her as much as he did. This conduct was intended to and did disrupt the family relationship causing severe emotional distress to plaintiffs as well as monetary loss.

The trial court, in sustaining the demurrer, expressed a belief that plaintiffs could not establish any legally recognizable damages based on the facts as alleged and thus had failed to state any cause of action. As we shall point out, this belief is not in accord with the vast majority of jurisdictions that have considered the issues raised by this appeal.

■  It has long been established that the unlawful taking or withholding of a minor child from the custody of the parent or guardian entitled to such custody constitutes an actionable tort. ■  One who is not entitled to custody has no privilege to interfere with the legal custody of the child. (*Rosefield* v. *Rosefield* (1963) 221 Cal.App.2d 431 [34 Cal.Rptr. 479]; *Horowitz* v. *Sacks* (1928) 89 Cal.App. 336, 340 [265 P. 281]; *Hinton* v. *Hinton* (D.C. Cir. 1970) 436 F.2d 211 [141 App.D.C. 57]; *Kajtazi* v. *Kajtazi* (E.D.N.Y. 1978) 488 F.Supp. 15; *Pickle* v. *Page* (1930) 252 N.Y. 474 [169 N.E. 650, 72 A.L.R. 842]; *Lawyer* v. *Fritcher* (1891) 130 N.Y. 239 [29 N.E. 267].)

In California, the common law rule was first codified by the Legislature in 1872 and amended once in 1939. Civil Code section 49 provides in pertinent part: "The rights of personal relations forbid: (a) The abduction or enticement of a child from a parent or from a guardian entitled to its custody; . . ."

■  Although the statute is well over 100 years old, it has rarely been interpreted by the courts of this state. We think it clear, however, that section 49 was crafted by the Legislature to protect the *parents'* right to custody and control of their minor child. A violation of that right gives rise to an action by the parents for damages from a person who by force abducts

a child from its home or who, with knowledge that the parents have not consented, induces the child to leave home, or who, with knowledge that the child is away from home against the will of the parents, imprisons the child or induces it not to return home. The consent of the child is, of course, no defense to the parents' action. Moreover, the minor child is not an indispensable or a necessary party to the action.

Put simply, a third party may not interfere with the parents' right to custody, even if motivated by kindness or affection toward the child. (See Rest.2d Torts, § 700; also see Prosser, Law of Torts (4th ed. 1971) § 124, pp. 882-884.)[1]

At this juncture we think it important to note the distinction that exists between the *crime* of "child-stealing"[2] and the tort at issue here. As has been pointed out by our Supreme Court, the crime of child-stealing is against the parent, not the child, and one parent, unless deprived of any right to custody by court order, cannot be held criminally liable for taking the child from the actual custody of the other parent. (*Wilborn* v. *Superior Court* (1959) 51 Cal.2d 828, 830-831 [337 P.2d 65].) Under Civil Code section 49, however, the parent who abducts or entices the child away may be liable in tort. The statute thus serves to deter child-stealing by feuding parents and similar antisocial conduct. (See *Borer* v. *American Airlines, Inc.* (1977) 19 Cal.3d 441, 451, fn. 3 [138 Cal.Rptr. 302, 563 P.2d 858]; see also *Rosefield* v. *Rosefield, supra,* 221 Cal.App.2d 431.) Thus the statute certainly serves to deter conduct by such distant relatives as the defendant in this case.

We now turn to the issue of damages and the extent of recovery allowed for interference with the parent-child relationship.

Defendant essentially contends, as he did at the trial level, that because the California Supreme Court has refused to recognize a cause of action for

---

[1]Dean Prosser succinctly summarizes the law as follows: "[T]he defendant may be liable for abducting the child by force, in the sence of inducing or encouraging it, for enticing it away from its parent, or for 'harboring' it in the sense of inducing or encouraging it to remain away from home. The consent of the child is, of course, no defense to the parent's action. As in the case of husband and wife, the interference with the relation must be a deliberate one, although not necessarily motivated by ill will or anything other than kindness or affection towards the child, and there is no liability for harboring or employing a minor unless there is reason to believe that it is without the parent's consent." (*Id.,* at pp. 883-884.)

[2]Penal Code section 278 provides: "Every person, not having a right of custody, who maliciously takes, detains, conceals, or entices away, any minor child with intent to detain or conceal that child from a person, guardian, or public agency having the lawful charge of the child shall be punished by imprisonment in the state prison for two, three or four years, a fine of not more than ten thousand dollars ($10,000), or both, or imprisonment in a county jail for a period of not more than one year, a find of not more than one thousand dollars ($1,000), or both."

negligent loss of parent-child consortium (*Borer* v. *American Airlines, Inc.*, *supra,* 19 Cal.3d 441; *Baxter* v. *Superior Court* (1977) 19 Cal.3d 461 [138 Cal.Rptr. 315, 563 P.2d 871]), plaintiffs are without any substantive remedy for a violation of Civil Code section 49.

*Borer* and its progeny are of no help to defendant here. To begin with the parents' claim in the case at bench rests squarely on a statutory basis.[3] Further, and more importantly, we deal here with an intentional tort. In *Borer,* the court emphasized the importance of this distinction when it stated: "The considerations which lead us to reject a cause of action for negligent injury to consortium in a parent-child context *do not* bar an action for intentional interference with parental consortium. An action for intentional interference with consortium, recognized by precedent in California [citation] is a relatively unusual tort that presents no danger of multiplication of claims or damages. The ruling, moreover, may serve to deter child stealing and similar antisocial conduct." (*Id.,* at p. 451, fn. 3; italics added.)

The Restatement Second of Torts also makes it clear that a parent who has the right to the custody, control, and services of a minor child may maintain an action for damages against *anyone* who unlawfully takes or withholds such child. (Rest.2d Torts, § 700.) The right of action may be based not only on the loss of services but also on the parent's right to the care, custody, and companionship of the child. (See *Hinton* v. *Hinton, supra,* 436 F.2d 211; see also *McGrady* v. *Rosenbaum* (1970) 62 Misc.2d 182 [308 N.Y.S.2d 181].) The parent may recover even though the child renders no services to him. (*McEntee* v. *New York Foundling Hospital* (1959) 21 Misc.2d 903 [194 N.Y.S.2d 269]; *Pickle* v. *Page, supra,* 169 N.E. 650.) Damages may also be recovered from the wrongdoer for the mental anguish and wounded feelings (i.e., emotional distress) resulting from the loss of the child and for the expenses incurred in vindicating the parent's rights. (Rest.2d Torts, § 700, com. g.) Additionally, the parent is entitled to punitive damages provided the defendant's conduct was actuated by malice. (See *Lawyer* v. *Fritcher, supra,* 29 N.E. 267; *Pickle* v. *Page, supra,* 169 N.E. 650; *McEntee* v. *New York Foundling Hospital, supra,* 194 N.Y.S.2d 269.)

■ Although the complaint in the instant case purports to set forth several causes of action, in reality there is but one set of operative facts pleaded, ergo a single cause of action. (3 Witkin, Cal. Procedure (2d ed. 1971) Pleading, §§ 18-28, pp. 1704-1714.) As we see it, plaintiffs' allegations of intentional or negligent infliction of emotional distress, while characterized

---

[3]One of the factors which the court in *Borer* stressed was that the claim for loss of parental consortium was nonstatutory.

as separate causes of action, are simply statements of a form of injury which flow from the basic delict which is a violation of Civil Code section 49.

Defendant further argues that because there is no longer a recognizable cause of action for seduction of a minor female child,[4] the allegations of incestuous conduct add nothing to the complaint and should be stricken. We cannot agree. These specific allegations serve to support plaintiffs' claim of mental anguish arising out of the violation of the parent-child relationship and thus must be allowed to stand.

Defendant finally contends that the complaint fails to allege a close family relationship, and that since Kelly was 16 years of age and not an infant or young child, plaintiffs' claim must fail. Again, we find this argument meritless. The age of the child, the closeness of the family ties and other attendant circumstances, may ultimately affect the measure of damages or the proof of defendant's liability but at this point do not affect plaintiffs' ability to plead a cause of action which will survive a demurrer. (See *Rosefield* v. *Rosefield, supra,* 221 Cal.App.2d 431.)

The judgment is reversed. The matter is remanded to the trial court for further proceedings consistent with the views expressed herein.

Beach, J., and Gates, J., concurred.

---

[4] In 1967, the Legislature repealed Code of Civil Procedure section 375 which had provided parents with a cause of action for seduction of a minor female child.