471 So.2d 920 (1985)
Clyde Barry OWENS, Plaintiff-Appellant,
v.
Bonnie Deere OWENS, Defendant-Appellee.
No. 17028-CA.
Court of Appeal of Louisiana, Second Circuit.
June 12, 1985.
Rankin, Yeldell, Herring & Katz by Charles E. Herring, Jr., Bastrop, for plaintiff-appellant.
Woodrow Wilson, Bastrop, for defendant-appellee.
Before HALL, JASPER E. JONES and NORRIS, JJ.
*921 JASPER E. JONES, Judge.
This is an action for damages founded upon alleged intentional interference with visitation rights by a custodial parent. After a trial on the merits the district court, upon its own motion, noticed that the petition stated no cause of action and rendered judgment in defendant's favor. See LSA-C.C.P. art. 927. The plaintiff appeals and we affirm.
The parties are Clyde Barry Owens, plaintiff, and Bonnie Deere Owens, defendant. The parties were formerly married and they have one child, Melissa Nicole Owens, who was born July 3, 1981. The parties were judicially separated in Morehouse Parish, Louisiana, on August 3, 1982. The judgment of separation awarded custody of Melissa to defendant and established certain specific visitation rights in favor of plaintiff.[1]
The evidence reflects that defendant has consistently acted to deny the plaintiff's visitation rights. It appears that the only time plaintiff was able to exercise his visitation was on one occasion when defendant was jailed for contempt until she delivered the child to plaintiff for visitation.
The plaintiff makes one assignment of error on appeal. He contends the trial judge erred in concluding he has no cause of action. The issue before us is: does a non-custodial parent have a cause of action to recover damages against a custodial parent based upon the latter's intentional interference with the former's judicially fixed visitation rights.
In our decision we are guided by the supreme court's pronouncement in Moulin v. Monteleone, 165 La. 169, 115 So. 447 (1927), "... that, under the civil law, in the absence of a statute conferring such right, there is no right of action for damages for the loss of the services or support or companionship or affections of a human being." 165 La. 178, 115 So. 447.
Plaintiff relies on Spencer v. Terebelo, 373 So.2d 200 (La.App. 4th Cir.1979), writ refused, 376 So.2d 960 (La.1979). We have no qualms concerning the correctness of Spencer but find it inapplicable to the case at hand.
Spencer involved an action by a custodial parent against a non-custodial parent who had removed their children from this state. The Fourth Circuit relied on LSA-R.S. 14:45A(4), a criminal statute making the conduct of the defendant in Spencer a crime, and found that the statute imposed a duty upon non-custodial parents in favor of custodial parents.
Spencer is distinguishable from the case at bar upon at least two grounds. First, Spencer is an action by a custodial parent and this case is an action by a non-custodial parent. Second, in Spencer there was a criminal statute proscribing the conduct which was the basis of the action and here there is none. Finally, we note that the Spencer decision is not contrary to the more general rule expressed in Moulin for the reason that in Spencer there was a statute establishing the duty.
We find the Moulin rule to be applicable to this case and agree with the trial judge's conclusion that there is no cause of action for damages in favor of plaintiff. Our conclusion is supported by the decisions of courts of other states.
In McGrady v. Rosenbaum, 308 N.Y. S.2d 181, 62 Misc.2d 182 (1970), the court considered an action by a father based upon violation of his visitation rights. There the father had been awarded weekly visitation which was defeated when the custodial parent, without the plaintiff's knowledge or consent, moved to Israel taking the child. The court held that, while other remedies, such as contempt proceedings, are available for violation of visitation rights, a suit for damages could not be *922 maintained. This rule was adhered to in the subsequent case of Freidman v. Freidman, 361 N.Y.S.2d 108, 79 Misc.2d 646 (1974).[2]
The plaintiff has several remedies available to him here. He may institute proceedings to enforce his visitation rights and he may obtain attorney's fees for the pursuit of such actions. LSA-R.S. 9:305. He may institute contempt proceedings or he may institute proceedings to obtain custody of the child for himself. There is evidence in the record that he has pursued these other remedies simultaneously with this suit for damages for which he has no cause of action.
This assignment of error is without merit and the judgment of the district court is AFFIRMED at appellant's costs.
NOTES
[1] The plaintiff was granted the following visitation rights:

a) one weekend per month;
b) alternating holidays (Easter, Thanksgiving, Christmas and July 4th);
c) Father's Day; and
d) two weeks each summer.
[2] The plaintiff has cited several cases from other jurisdictions. We note that most of these cases concern facts where a non-custodial parent has interfered with custody and for this reason they are distinguishable from the case at bar. We find the cases cited by appellant not distinguishable upon this basis to be unpersuasive and we decline to follow them.