Beverly GLEISS, Plaintiff-Appellant,

v.

Craig NEWMAN and Kim Hoverman, Defendants-Respondents.

Court of Appeals

*No. 87–0881. Submitted on briefs August 21, 1987.—Decided September 1, 1987.*

(Also reported in 415 N.W.2d 845.)

For plaintiff-appellant there was a brief by *Mark Kutschenreuter* of *Kutschenreuter & McGregor,* of Hartford.

For defendants-respondents there was a brief by *Don Paul Novitzke* of *Novitzke & Gust,* of Amery.

Before Cane, P.J., LaRocque and Myse, JJ.

MYSE, J.  Beverly Gleiss appeals an order dismissing her complaint alleging the intentional infliction of emotional distress based upon the custodial parent's interference with her visitation rights. Gleiss alleges that the trial court erred by concluding that a noncustodial parent does not have a cause of action as alleged in her complaint. We agree that the complaint fails to state a cause of action and affirm the court's order.

Craig Newman was granted custody of a minor child with specific visitation rights granted Beverly Gleiss, the child's mother. Thereafter, Gleiss sued Newman and Kim Hoverman, alleging that they intentionally caused her emotional distress by intentionally and maliciously interfering with her visitation rights. Gleiss seeks compensatory and punitive damages. The trial court dismissed the action, concluding that Wisconsin does not recognize the tort alleged in Gleiss' complaint.

The issue is whether a noncustodial parent has a cause of action to recover damages against a custodial parent for allegedly interfering with the noncustodial parent's visitation right. This issue presents a question of law that we examine independently without deference to the decision of the trial court. *See Ball v. District No. 4, Area Board,* 117 Wis. 2d 529, 537, 345 N.W.2d 389, 394 (1984). We conclude that Wisconsin does not recognize a cause of action as alleged in Gleiss' complaint.

Gleiss argues that this case is controlled by *Lloyd v. Loeffler,* 539 F. Supp. 998 (E.D. Wis. 1982). We

disagree. The district court determined that Wisconsin law would recognize the tort of intentional interference with the custody right of a custodial parent. *Id.* at 1004. Here, the rights interfered with were not the custodial rights granted pursuant to a judgment but rights of visitation. Consequently, we find *Lloyd* inapplicable to the case at hand.

The issue raised is one of first impression in Wisconsin. Few jurisdictions have addressed this issue. The Vermont Supreme Court has recognized a cause of action for denying a parent "personal contact or other communication." *Sheltra v. Smith,* 392 A.2d 431, 433 (Vt. 1978). Also, a federal district court has concluded that Missouri would recognize a damage suit for the interference with visitation rights and assess damages to the noncustodial parent for the deprivation of those rights. *Ruffulo v. United States,* 590 F. Supp. 706, 713 (W.D. Mo. 1984).

However, Missouri has since rejected *Ruffulo* in *Politte v. Politte,* 727 S.W.2d 198, 200 (Mo. Ct. App. 1987), and the balance of the jurisdictions considering this issue have refused to recognize the existence of such a tort.[1] These courts based their conclusions upon reasons of public policy and fear that if such a tort is recognized, a host of actions would follow. *See id.* at 201. They noted that individuals whose visitation

---

[1]While *Politte* involved a tort action alleging that the former wife interfered with the former husband's visitation and temporary custody rights, the court indicated that they would not recognize a cause of action of a noncustodial parent for interference with his visitation rights. *Id.* at 200. Other jurisdictions that have refused to recognize the cause of action are: *Owens v. Owens,* 471 So. 2d 920, 922 (La. Ct. App. 1985); *Freidman v. Freidman,* 361 N.Y.S.2d 108, 79 Misc. 2d 646 (1974); *McGrady v. Rosenbaum,* 308 N.Y.S.2d 181, 62 Misc. 2d 182 (1970).

rights are improperly denied have other adequate remedies to enforce their visitation rights. *See Owens v. Owens,* 471 So. 2d 920, 922 (La. Ct. App. 1985); *Hixon v. Buchberger,* 507 A.2d 607, 613 (Md. 1986).

We agree that allowing this type of tort could encourage claims for petty infractions. State courts are already plagued by trifling departures from court visitation orders. Additional damage suits would only further burden the already strained court dockets.

Further, noncustodial parents claiming intentional interference with their visitation rights have viable and effective remedies for enforcement in Wisconsin. The noncustodial parent may institute proceedings to enforce visitation rights and obtain attorney fees for the pursuit of these actions. Sections 767.245, 767.262, Stats. In addition, they may institute not only contempt proceedings, but also proceedings to obtain custody of the child. Sections 785.02, 785.03, 785.04, 767.245, Stats.

Finally, the recognition of such a claim would not be in the child's best interests. A claim for compensatory and punitive damages would alter the focus from determining visitation consistent with the child's best interests to parental compensation.

Therefore, we hold that Wisconsin does not recognize a cause of action in tort to recover damages against a custodial parent for allegedly interfering with the judicially-fixed visitation. We conclude that the trial court correctly determined that the complaint does not state a cause of action recognized in this jurisdiction.

We need not address the question of whether the same action brought by a custodial parent is a recognized right. Nor do we reach a decision regarding the recognition of a claim by a noncustodial parent

granted visitation rights when the court lacks the power or ability to remedy the alleged interference with its powers of contempt, such as when the custodial parent takes the child to another state in order to deprive the noncustodial parent of visitation rights. *See* sec. 946.71, Stats.

*By the Court.*—Order affirmed.