979 F.2d 855
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Larry RISK, individually, and as Guardian Ad Litem for
minors Karima Risk and Jamil Risk, Plaintiff-Appellant,
v.
KINGDOM OF NORWAY, a sovereign nation, Defendant,
and
Norwegian Seamen's Mission; Jacob Frode Knudsen,
Defendants-Appellees.
 No. 91-16431.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Nov. 2, 1992.
Decided Nov. 18, 1992.
 
 Before GOODWIN, FARRIS and PREGERSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 This tragic custody matter has had a long history in the courts. This is not a reason to terminate the proceedings unless the record definitely reflects that the proceedings are at an end. We have carefully reviewed the record. It does.
 
 
 3
 Child abduction is a continuing tort for which the statute of limitations does not begin to run until the child is returned to her/his rightful custodian. Surina v. Lucey, 214 Cal.Rptr. 509, 511 (Cal.App.2d Dist.1985).
 
 
 4
 The sole question is whether Larry Risk individually and as Guardian Ad Litem for minors Karima Risk and Jamil Risk made a sufficient showing to defeat the motion for summary judgment. We review de novo. Hughes v. United States, 953 F.2d 531, 541 (9th Cir.1992). The record reflects that he offered nothing that was admissible under Federal Rules of Civil Procedure 56. His allegations may very well be accurate and capable of proof but the question is whether he can raise a genuine issue of material fact in the forum in which the matter is pending.
 
 
 5
 The public record exception does not apply unless the record relates to an event to which the author could himself testify. United States v. Chu Kong Yin, 935 F.2d 990, 999 (9th Cir.1991). Risk is unable to identify the author of either telex. The Norwegian Embassy in Washington, D.C. disclaims any first-hand knowledge of the events that it describes. The failure to show that the telexes were prepared by officials with personal knowledge defeats their admissibility.
 
 
 6
 The transcript of the Norwegian Court proceedings is not admissible. See United States v. Arias, 575 F.2d 253, 254 n. 1 (9th Cir.1978), cert. denied, 439 U.S. 868 (1978).
 
 
 7
 Risk argues that the Norwegian Court testimony should not be admitted as evidence of the truth but as evidence of what Sandvin and Risk's former wife will say at trial. That argument is defective, even if we accept it. Nothing in the record indicates that the witnesses will be present to testify at trial. They have provided Risk with no affidavits. Risk construes Rule 56 too narrowly. The purpose of summary judgment is to "pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial." Matsushita Elec. Ind. Co. v. Zenith Radio, 475 U.S. 574, 587 (1985). Risk has not demonstrated an ability to produce any witnesses at trial. He is left with only his pleadings when the inadmissible evidence is stripped away. We have carefully considered his argument. He failed to carry his burden. Summary judgment was proper.
 
 
 8
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3