(January 18, 1911.)

## STATE, Respondent, v. HARVEY L. BESLIN, Appellant.

[112 Pac. 1053.]

CHILD STEALING—STATUTE—CONSTRUCTION OF—EVIDENCE—PARENTS— RIGHTS AND DUTIES OF—CUSTODY OF CHILD—SUPPORT OF—VERDICT— INSUFFICIENCY OF EVIDENCE.

(Syllabus by the court.)

1. Under the provisions of sec. 6800, Rev. Codes, a person who "maliciously, forcibly or fraudulently" takes or entices away a child under the age of twelve years, with intent to detain and conceal such child from its parents, guardian or other person having the lawful charge of it, is punishable by imprisonment in the state prison or in the county jail and by fine not exceeding five hundred dollars.

2. Where the mother has possession of an infant between two and three years of age and leaves her husband and takes with her such child, and is assisted by the defendant in leaving the state with said child, and after such separation the child continues in the possession of the mother until her death, or until the legal authorities take the child from her, *held*, that the defendant is not guilty of enticing said child away from its father, under the provisions of said sec. 6800.

3. The evidence *held* insufficient to support the verdict of guilty.

4. Under the provisions of sec. 2675, Rev. Codes, the husband is the head of the family and may choose any reasonable place or mode of living and a wife must conform to it while she lives with him.

5. *Held,* under the facts of this case that the mother had the lawful custody of said child at the time she removed it from this state to the state of Washington.

6. Under the provisions of sec. 5774, Rev. Codes, either the father or mother of a minor, being respectively competent to transact his or her own business, and not otherwise unsuitable, is entitled to the guardianship of the minor child.

7. Under the provisions of sec. 2696, Rev. Codes, the mother as well as the father is liable for the support of their minor child, and if they neglect to provide articles necessary for its support, according to their circumstances, they or either of them may be compelled to do so.

8. Under the provisions of sec. 2698, Rev. Codes, "When a husband and wife live in a state of separation, without being divorced," any court of competent jurisdiction may inquire into the custody of their minor child and may award its custody to either, for such time and under such regulations as the case may require, and the decision of the court in that matter must be guided by the welfare of the child.

9. Under the laws of this state the father has no absolute right to deprive the mother of the care and custody of an infant child simply because he is the father.

APPEAL from the District Court of the Eighth Judicial District, for Kootenai county. Hon. Robt. N. Dunn, Judge.

Defendant was convicted of the crime of child stealing and sentenced to the state penitentiary for from two to ten years. Judgment *reversed.*

McFarland & McFarland, for Appellant.

The evidence was not only insufficient, but there was an absolute failure of the testimony to establish the crime charged or to connect the defendant therewith. (*State v. Angel,* 42 Kan. 216, 21 Pac. 1075.)

C. H. Potts and D. C. McDougall, Attorney General, for Respondent, cite no authorities.

SULLIVAN, J.—The defendant was found guilty of the crime of child stealing on the 29th day of September, 1910, was sentenced by the court to a term in the state prison for a

period of not less than two and not more than ten years.  It appears that the appellant was held by the probate court of Kootenai county on September 3, 1910, for said crime, and on the 12th day of that month an information was filed against him by the prosecuting attorney charging him with the crime of child stealing under the provisions of sec. 6800, Rev. Codes.  On the 14th day of that month he filed a motion in the district court to quash, vacate and set aside the information on several grounds, one of which was that the testimony taken at the preliminary examination does not show probable cause for believing the defendant guilty of the offense charged, or of any other offense.  The motion was overruled and the cause was tried by the court with a jury, which returned a verdict of guilty and the above-mentioned sentence was imposed on the defendant.  A motion for a new trial was overruled and this appeal is from the judgment and order denying a new trial.

A number of errors are assigned in regard to the admission and rejection of certain testimony; also in the overruling of defendant's motion at the close of the testimony of the state to advise the jury to acquit the defendant, and in regard to the giving and refusing to give certain instructions.

The view that the court takes of the case makes it unnecessary for us to pass upon the several errors assigned *seriatim.*

The main question presented in the case is whether under the facts disclosed by the evidence the statutory crime of child stealing, as defined by sec. 6800, Rev. Codes, was committed by the defendant.  Said section is as follows:

"Every person who maliciously, forcibly or fraudulently takes or entices away a child under the age of twelve years, with intent to detain and conceal such child from its parent, guardian or other person having the lawful charge of such child, is punishable by imprisonment in the state prison not exceeding ten years, or by imprisonment in a county jail not exceeding one year, and a fine not exceeding five hundred dollars."

In the decision of that question, the question is also presented as to whether the crime of child stealing can be com-

mitted where the mother has the lawful custody of the child and accompanies it, and whether the wife was entitled to the custody of the child under the facts of this case.

It is conceded by counsel for the state that if under our statute the husband and wife are entitled equally to the custody of the minor child, the prosecution must fail; but if, on the other hand, the husband is entitled primarily to the custody of the child, the fact that at the time it was stolen it was accompanied by its mother would not be material in the case. In other words, the fact that the mother accompanied the child at the time of the alleged stealing would be immaterial.

The facts are substantially as follows:

On September 1, 1909, the date when the crime is alleged to have been committed, the appellant resided at La Crosse, Idaho, and the mother and child resided in Coeur d'Alene City, Idaho. On August 16, 1909, the father left the state of Idaho and went to Malden, state of Washington, and did not return until about the 5th of September, 1909. On or about the 31st of August, 1909, the mother left Coeur d'Alene and went to La Crosse, where she and the child stayed one night and the defendant paid for their lodging and meals. On September 1, 1909, the mother, child and defendant left La Crosse, Idaho, for Washington, in which state the father then was. It appears that the mother, child and defendant some time after leaving La Crosse went to Raymond, in the state of Washington, and lived there for some time and the child was finally taken from them by the legal authorities there and turned over to the Overmeyer Hospital, and it was kept there from the 28th of February to the 24th of March, 1910. It was then delivered to a man by the name of Clark, who kept it from March 24th until May 12th following. It appears that after the child was taken from the custody of the mother, she committed suicide. Appellant took the child from Clark and on the 1st of July employed a Mrs. McCracken, at Chehalis (which is a short distance from Raymond), to take charge of the child, for which he agreed to and did pay her $15 a month, for two months, and while the

child was so in the possession· of Mrs. McCracken the father appeared and took possession of it.

The record shows that the mother had concluded to leave her husband, the father, and go with the appellant, and she took the child with her, and after her death it appears that the appellant did attempt to care for the child, but that occurred in the state of Washington. So far as the evidence shows, the mother voluntarily took the child with her from Coeur d'Alene City to La Crosse and there met the defendant, and from there they went into the state of Washington, and it appears that she kept the child until it was taken from her by the authorities at the town of Raymond, in the state of Washington, and if the defendant took charge of the child in the state of Washington after the death of the mother, with the intention of then stealing the child, he could not be prosecuted under the provisions of said section 6800 for child stealing, as the act was not committed in this state. In order to be guilty under the provisions of said section, he must have "maliciously, forcibly or fraudulently" taken or enticed the child away with the intention of detaining and concealing it from its parent, which the evidence fails to show that he did. The child was in the care of the mother until after it left the state of Idaho, so far as appears from the evidence. It also appears that she had the lawful care and custody of the child at the time she left Coeur d'Alene City with it. The father had left his home and wife and child and gone to the state of Washington to procure employment or attend to business matters. During his absence the wife evidently concluded to leave him and take the child with her, which she did. The defendant went with her and the child into the state of Washington.

But it is contended under our statutes that the husband is the head of the family, and may choose any reasonable place or mode of living, and the wife must conform thereto (sec. 2675, Rev. Codes), and that said statute is the re-enactment of the common-law doctrine on that subject. Conceding that to be true, under the facts of this case the mother had the lawful custody of the child, and she might take it with

her anywhere she desired to go, and would not be guilty of child stealing. Under the provisions of sec. 5774, Rev. Codes, either the father or the mother of a minor, being respectively competent to transact his or her own business, and not otherwise unsuitable, is entitled to the guardianship of the minor children. The mother as well as the father is liable for the support of the child, and if they neglect to provide the articles necessary for its support, according to their circumstances, they or either of them may be compelled to do so. (Sec. 2696, Rev. Codes.) Under the provisions of sec. 2698, Rev. Codes, "when a husband and wife live in a state of separation, without being divorced," any court of competent jurisdiction may inquire into the custody of their minor child and may award its custody to either for such time and under such regulations as the case may require. The decision of the court in that matter must be guided by the welfare of the child.

In the case of *State v. Angel,* 42 Kan. 216, 21 Pac. 1075, the court had under consideration a case in which the defendant was convicted by the trial court for child stealing, under a statute containing similar provisions to those contained in said sec. 6800. The facts of that case were very much like the facts in the case at bar, and in the decision the court said:

"As Mrs. Willis, the mother of the child, had the equal right with her husband, the father, to the actual care and control of the child, it is clear that she could not be punished under the provisions of said section 47 for taking and carrying the child away from the father. If it be true that James Angel, the defendant, assisted her to leave her husband, and in so doing assisted her in taking her child, he cannot be convicted under said section 47, because he only assisted the mother of the child, who had the same right to the care and control of the child as the father. The mother had the lawful charge of the child all of the time, and neither the mother nor Angel is guilty of any criminal violation of said section 47. The judgment of the district court must be reversed,

and, as the facts are undisputed, the defendant will be discharged.''

It is, however, contended by counsel for respondent that that case is not applicable, for the reason that the constitution and statute of Kansas are different from those of this state. Sec. 6, art. 15, of the Kansas constitution provides, among other things, that the legislature shall provide for the equal rights of the parents in the possession of their children. The legislature in carrying out the provision of that section of the constitution enacted sec. 1, chap. 46, General Stats. 1868, sec. 3217, Gen. Stats. of Kansas, 1889, which is as follows: ''The father and mother are the natural guardians of the persons of their minor children. If either dies or is incapable of acting, the natural guardianship devolves upon the other.'' While we have no such provisions in our constitution or statutes, still we think under a fair construction of all of our statutes in relation to parent and child and guardianship of minors, the mother has equal rights to the custody of the child with the father. They are, in fact, full partners in that regard. In case they do not live together and cannot agree who shall have the custody of the minor child or children, a court of competent jurisdiction has a right to determine that question upon a proper showing. (Sec. 2698, Rev. Codes.) The father has no absolute right to deprive the mother of the care and custody of an infant simply because he is the father.

At the time the mother left Coeur d'Alene City with the child for La Crosse and from thence went to the state of Washington, under the law, she had a right to the custody of the child equally with the husband, and as she had equal right with the father to the actual care and custody of the child, it is clear that she could not have been punished under the provisions of said sec. 6800 for taking the child, especially when the father was absent from the state and the child was in her possession and under her care. If it be true that the defendant assisted her to leave her husband and in doing so assisted her in taking the child, he cannot be convicted under the provisions of said sec. 6800, because he only assisted

the mother of the child, who had the same right to the care and control of it that the father had. The evidence fails to. show that the defendant "maliciously, forcibly or fraudulently" took or enticed said child away with intent to detain and conceal it from its father. It is true, after the mother died he took charge of the child and to a certain extent cared for it, but until her death the mother had charge of the child, and if there was any crime committed in taking the child as he did after her death, the crime was committed. in the state of Washington and not in the state of Idaho.

The record shows that the conduct of the defendant was most reprehensible, at least so far as the mother was concerned, but such reprehensible conduct did not make him guilty of child stealing, since the mother voluntarily took the child to the state of Washington.

Under the views above expressed, it will not be necessary for us to pass upon any of the other errors assigned. The judgment must be reversed and the cause remanded, with instruction to dismiss the case and discharge the defendant from custody.

Stewart, C. J., and Ailshie, J., concur.