STATE OF IOWA, v. JOE DEWEY and FRED SLAUGHTER,
Appellants.

**Criminal law:** KIDNAPPING: RIGHTS OF PARENTS. Where a father
1  is entitled to the possession of a minor child as against all the
world, except the mother, who is his wife, and has an equal
right thereto with her, he is not guilty of the crime of kid-
napping by taking possession of the child pending a suit by the
the wife for divorce, and before any order is made affecting
its custody. And one assisting the parent in procuring the cus-
tody of the child under such circumstances is not guilty of kid-
napping, although he may have impersonated an officer and rep-
resented that he had an order of court for delivery of the
child to him.

**Same:** APPEAL: FREE TRANSCRIPT. Where one criminal defendant had
2  considerable property in another state, and his codefendant stated
that he did not intend to press his appeal, a transcript of the
record at public expense was properly refused.

*Appeal from Calhoun District Court.*—HON. M. E. HUTCH-
INSON, Judge.

WEDNESDAY, JUNE 5, 1912.

THE defendants were convicted of the crime of
conspiracy to commit a felony, to wit, to kidnap the two
minor children of the defendant Joe Dewey. The defend-
ants appeal.—*Reversed* in part and *affirmed* in part.

*W. E. Gray* for appellants.

*George Cosson,* Attorney General, and *John Fletcher,*
Assistant Attorney General, for the State.

SHERWIN, J.—The defendant Joe Dewey and Orabel

Dewey are husband and wife. They have two little girls under five years of age, and prior to September, 1911, Mrs. Dewey lived with her husband in New Mexico, which place is still his home. In September, 1911, a brother of Mrs. Dewey visiting the Dewey's in New Mexico, and while there he caused the arrest of the husband, Joe Dewey, and his incarceration in jail, and while Dewey was in jail Mrs. Dewey left New Mexico with her children and her brother and came to Calhoun county, Iowa. She did not tell Dewey that she was going to leave New Mexico, and, so far as the record discloses, he did not know of her action until she had left. While she had before this time commenced an action for a divorce which was then pending, no order had been made in the case that would in any way affect the right of either to the custody of the children. On the 19th day of December, 1911, Mrs. Dewey and the two children were at the home of her uncle, Mr. A. N. Sumner, who was a farmer in Calhoun county. About 9 o'clock that night these two defendants, Joe Dewey and Fred Slaughter, went to the home of Mr. Sumner and obtained peaceable possession of the two children by representing that Slaughter was an officer from New Mexico and that he had an order of court for the delivery of the children to him. This claim was false and, before the children were taken from the state, or in fact far from Mr. Sumner's home, the defendants were arrested and the children were returned to Mrs. Dewey. The appellants insist that many errors were committed by the court in its rulings during the trial, but most of the complaints are wholly without merit, and, in ˙ view of our conclusion on the main question whether the evidence is sufficient to sustain the conviction, we need not more specifically notice these alleged errors.

It is conceded by the state that, had Dewey in his own right as the parent of the children gone to the Sumner home and peaceably obtained possession of the children for

the purpose of taking them to New Mexico, he would not be guilty of any offense. And it must follow, of course, that under such circumstances Slaughter could not be any more guilty than Dewey because, if he was simply aiding Dewey to do a lawful act in a lawful way he could not be more guilty than his principal.

Where a father is entitled to the possession of his minor child as against all of the world except its mother, and where the father and mother are equally entitled to its possession, he does not commit the crime of kidnapping by taking possession of it. *Commonwealth v. Meyers,* 146 Pa. 24 (23 Atl. 164); *Hunt v. Hunt,* 94 Ga. 257 (21 S. E. 515); *People v. Congdon,* 77 Mich. 351 (43 N. W. 986; 24 Cyc. 797).

1. CRIMINAL LAW: kidnapping: rights of parents.

And a person who assists the father under such circumstances is not guilty of the crime. *Commonwealth v. Meyers, supra; State v. Beslin,* 19 Idaho, 185 (112 Pac. 1055); *John v. State,* 6 Wyo. 203 (44 Pac. 51); *State v. Angel,* 42 Kan. 216, (21 Pac. 1075).

The case is then really brought down to the narrow question whether these defendants took possession of the children for Dewey or for Slaughter; the state insisting that the latter was the case. We can not agree with the contention. Every line of the record points in the one direction that Dewey was after his children and that Slaughter was merely assisting him by personating an officer. For some unaccountable reason, the exact way in which Slaughter came to be connected with the affair does not appear, but enough is shown to convince us that he was only assisting Dewey and that he should not be punished therefore on the evidence before us. On the main case, therefore, the judgment will be reversed as to both defendants.

Both defendants asked for transcripts of the shorthand notes of the evidence at the expense of the county,

and both requests were refused, and we think rightly so.
Dewey was shown to have considerable prop-
erty in New Mexico, and he was clearly
not entitled to a free transcript, and, when
the court ruled on Slaughter's application, the court had
before it Slaughter's own statement that he did not intend
to press his appeal to this court.

*2. SAME:*
*appeal: free*
*transcript.*

The judgment convicting the defendants is reversed,
and the order refusing them free transcript is affirmed.

*Reversed* in part and *affirmed* in part.