## PEOPLE v. WORKMAN.

(Supreme Court, Trial Term, Chautauqua County. March, 1916.)

1. KIDNAPPING ⊜⟞3—PERSONS LIABLE—AGENT OF PARENT.

One acting as a mere agent or assistant of a mother in taking the custody of children from their father is entitled to the same protection that the law accords the mother, and cannot be held to any liability other than that incurred by her.

[Ed. Note.—For other cases, see Kidnapping, Cent. Dig. § 9; Dec. Dig. ⊜⟞3.]

2. PARENT AND CHILD ⊜⟞2—RIGHT TO CUSTODY OF CHILDREN.

Under Domestic Relations Law (Consol. Laws, c. 14) § 81, making a married woman a joint guardian of her children with her husband, with equal powers, rights, and duties in regard to them, and section 70, authorizing the court to award the charge and custody of a child to either parent, a mother is entitled to the custody, control, and management of her children to the same extent and degree as the father, in the absence of an adjudication awarding such custody to another.

[Ed. Note.—For other cases, see Parent and Child, Cent. Dig. §§ 4–32; Dec. Dig. ⊜⟞2.]

3. KIDNAPPING ⊜⟞3—ELEMENTS OF OFFENSE—CUSTODY OF PARENTS.

Under Penal Law (Consol. Laws, c. 40) § 1250, making a person who willfully takes a child under 16 years of age from its parents, or other

⊜⟞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

person having the lawful care or custody thereof, guilty of kidnapping, punishable, if a parent of the person kidnapped, by imprisonment for not more than 10 years, and if other than a parent by imprisonment for not less than 10 nor more than 50 years, an agent of a mother, who takes the custody of children from their father, to whom the court has not awarded their custody, is not guilty of kidnapping.

[Ed. Note.—For other cases, see Kidnapping, Cent. Dig. § 9; Dec. Dig. ☞3.]

Renlot Workman was indicted for kidnapping, and moves for leave to inspect minutes of grand jury and to dismiss indictment. Indictment dismissed, and defendant discharged.

Almon W. Lytle, of Buffalo, for the motion.
Warner S. Rexford, Asst. Dist. Atty., of Jamestown, opposed.

BROWN, J. Section 1250 of the Penal Law provides that:

"A person who willfully * * * takes * * * a child under the age of sixteen years, with intent to keep * * * it from its parents * * * or other person having the lawful care or control thereof, * * * is guilty of kidnapping, which is a felony and is punishable, if a parent of the person kidnapped, by imprisonment for not more than ten years, and if a person other than a parent of the person kidnapped, by imprisonment for not less than ten years nor more than fifty years."

The grand jury at the November, 1915, term of this court indicted the defendant, charging that on October 21, 1915, at Jamestown, in said county, he committed the crime of kidnapping, by taking Rosalie and Julien Kent, children aged 10 and 12 years, respectively, from the custody of Morgan B. Kent, with intent to keep said children from their parent, the said Morgan B. Kent, who was their father, and who had the lawful care and control of them.

The defendant made this motion for an order dismissing the indictment upon affidavits establishing that the minutes of the grand jury show that the defendant took the two children, as alleged in the indictment, at the request of and in company with Eleanor R. Kent, the mother of the children, and that there had never been granted any order or judgment of any court awarding the custody, care, or control of the children to the father, Morgan B. Kent; the defendant urging upon the argument of this motion that, if it be claimed by the district attorney that the grand jury minutes show any testimony other or different than claimed by the defendant in the moving affidavits, an inspection of such minutes be permitted, whereupon the district attorney stated in open court that the grand jury minutes would not show the existence of any order awarding the custody of the children to the father, and that they would show that the defendant, in taking the children, acted with, for, and on behalf of the mother, Eleanor R. Kent.

[1] Such being the evidence before the grand jury, was there proof that the defendant committed the crime of kidnapping? In other words, is the crime of kidnapping committed when a married mother takes her child under 16 years of age from the custody of its father; there being no adjudication that the father is entitled to such exclusive custody? It must be conceded that these children were taken

by the mother; the defendant being a mere agent or assistant, he is entitled to the same protection that the law accords the mother, and cannot be held to any liability other than that incurred by the mother.

[2] The crime consists of the taking from a person "having the lawful care or control" of the child. By section 81 of the Domestic Relations Law (Consol. Laws, c. 14) "a married woman is a joint guardian of her children with her husband, with equal powers, rights and duties in regard to them." By section 70 of the same law the court "may award the charge and custody of such child to either parent." It is the law of this state that a married mother is entitled to the custody, control, care, and management of her children to the same extent and degree as the father, in the absence of an adjudication awarding such custody to another.

[3] The mother, Eleanor R. Kent, and the father, Morgan B. Kent, jointly were the lawful custodians of their children. It was a joint custody. The persons having the lawful care or control of these children were Eleanor R. Kent and Morgan B. Kent. To constitute the crime of kidnapping the taking must have been from both of these custodians; there was no taking from them jointly; there was no taking from the persons having the lawful care or control of the children. The mother was as much entitled to the physical possession of the children as the father. The wife and mother has never parted with her right to the custody of these children, and it has not been taken from her by any court decree. It therefore follows that she did not commit the crime of kidnapping, and the defendant, her assistant in doing what she had a right to do, was not indicted upon proof of any fact constituting a crime.

The penalty provided by the Penal Law for punishing a parent for kidnapping by imprisonment not more than 10 years must be held not to apply to the facts set forth in this indictment or established upon the argument of this motion. It is very likely that such penalty applies only to a parent from whom the custody of a child has been taken by some appropriate decree, and who takes the child from the other parent, or other person who has been lawfully awarded the care and control of the child.

This conclusion has been reached without the aid of any authorities in this state. It is in harmony with numerous decisions of other jurisdictions. Com. v. Myers, 146 Pa. 24, 23 Atl. 164; State v. Angel, 42 Kan. 216, 21 Pac. 1075; Burns v. Com., 129 Pa. 143, 18 Atl. 756; State v. Beslin, 19 Idaho, 185, 112 Pac. 1053.

The indictment must be dismissed, and the defendant discharged from arrest.