[Sac. No. 7033. In Bank. Apr. 3, 1959.]

JUNE WILBORN, Petitioner, v. THE SUPERIOR COURT OF HUMBOLDT COUNTY, Respondent.

*Assigned by Chairman of Judicial Council.

Falk & Falk and Charles V. Moore for Petitioner.

Edmund G. Brown, Attorney General, Doris H. Maier and William O. Minor, Deputy Attorneys General, for Respondent.

SPENCE, J.—Petitioner was charged with child-stealing (Pen. Code, § 278), an offense somewhat similar to the crime of kidnaping. (Pen. Code, § 207.) She moved to set aside the information on the ground that she had been committed without reasonable or probable cause. (Pen. Code, § 995.) Her motion was denied, and she now seeks a writ of prohibition to prevent further proceedings against her. (Pen. Code, § 999a.)

At the preliminary examination the evidence showed that the parents of the child, Mr. and Mrs. James, had separated. Mrs. James had moved into her father's home with the child, a 4-month-old baby girl. On the night of March 31, 1958, petitioner gained entrance to the grandfather's house upon the false pretense that she was seeking aid in changing a tire on her automobile. Mrs. James was not at home. The grandfather became suspicious of petitioner because of her answers to some of his questions, and he started to shove petitioner out the door. At that moment, Mr. James, who was standing outside, jumped on the grandfather, cursed him, and threw him to the floor. While Mr. James held the grandfather, petitioner went into the living-room, took the child from bed, wrapped her in a blanket, and left the house with her. Mr. James followed, and all three departed in an automobile. On the following day, Mrs. James obtained an order for the custody of the child pending annulment proceedings. Some days thereafter, she saw petitioner carrying the child into another house. At that time, Mrs. James did not see Mr. James but did see his car.

Section 278 of the Penal Code provides: "Every person who maliciously, forcibly, or fraudulently takes or entices away any minor child with intent to detain and conceal such child from its parent, guardian, or other person having the lawful charge of such child, is punishable by imprisonment in the state prison not exceeding twenty years."

Petitioner argues that since the father, Mr. James, had an equal right to the custody of the child on March 31 (Civ. Code, § 197; Armstrong, California Family Law, vol. 2, p. 955), he could not have been guilty of the crime charged. She then argues that she was only the authorized agent of the father, accompanying and aiding him to gain custody of the child, and therefore she could not have been guilty of the crime. Respondent opposes petitioner's position on two grounds: (1) That the evidence does not necessarily show that petitioner was acting as the father's agent rather than as the principal, with the father merely assisting her. (2) But even assuming that the evidence does show that petitioner was acting as the father's agent, this fact would not absolve her from guilt under the statute. We need not discuss the first ground as we have concluded that the writ should be denied here upon the second ground urged by respondent.

Concededly, petitioner's position stems from the general rule: "In the absence of an order or decree affecting the custody of a child, it is generally held that a parent, or one assisting such parent, does not commit the crime of kidnapping by taking exclusive possession of the child." (Anno.: 77 A.L.R. 317; *State* v. *Elliott,* 171 La. 306 [131 So. 28, 77 A.L.R. 314]; *State* v. *Dewey,* 155 Iowa 469 [136 N.W. 533, 40 L.R.A. N.S. 478]; *People* v. *Workman,* 94 Misc. 374 [157 N.Y.S. 594]; see also *People* v. *Nelson,* 322 Mich. 262 [33 N.W.2d 786].)

However, there is authority holding that although the parent may not be guilty of kidnaping, a person who aids or assists is guilty of the offense, on the theory that the immunity of the parent is personal to such parent. (*State* v. *Brandenburg,* 232 Mo. 531 [134 S.W. 529, 32 L.R.A.N.S. 845]; Wharton's Criminal Law and Procedure, Anderson, vol. 1, § 378, pp. 744-745; 51 C.J.S., Kidnapping, § 4, p. 441.)

While the latter is the minority view, it appears more in accord with the object of the statute. The crime is "against the parent and not against the child." (*People* v. *Simmons,* 12 Cal.App.2d 329, 332 [55 P.2d 297].) The statute was apparently designed to protect parents against the worry and grief which necessarily follow the "decoying away and

retaining of their children." (*State* v. *Brandenburg, supra,* 134 S.W. 529, 530.) If a child be taken or enticed away from one parent by the other parent, the mental anxiety of the parent who loses the child would not ordinarily be nearly so great as where the child passes into the hands of one having no parental obligations toward the child. ■ Thus, it would seem that whatever may be the right of one parent, in the absence of an order for child custody, to invade the possession of the other to take or entice away their mutual offspring, such right may not be delegated to an agent. To hold otherwise would result in untold confusion and provoke many possible breaches of the peace in that the parent having possession of the child would be at the mercy of persons acting as alleged agents of the other parent and claiming immunity from prosecution under the statute because of the personal right of their principal. (See *State* v. *Tillotson,* 85 Kans. 577 [117 P. 1030, Ann.Cas. 1913A 464].) Such consequences would not promote the interests of the parents, the child or the public welfare. ■ For the reasons stated, we conclude that there was reasonable or probable cause for holding petitioner to answer for the crime charged.

The alternative writ is discharged, and the petition for a peremptory writ of prohibition is denied.

Gibson, C. J., Shenk, J., Traynor, J., Schauer, J., McComb, J., and White, J. pro tem.,* concurred.

---

*Assigned by Chairman of Judicial Council.