**UNITED STATES of America, Plaintiff–Appellee,**

v.

**James LONCZAK, Defendant–Appellant.**

No. 90–50003.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 1, 1993.

Decided May 10, 1993.

Lindsay Anne Weston, Los Angeles, CA, for defendant-appellant.

Mark D. Larsen, Asst. U.S. Atty., Los Angeles, CA, for plaintiff-appellee.

Before SCHROEDER, THOMPSON and O'SCANNLAIN, Circuit Judges.

DAVID R. THOMPSON, Circuit Judge:

James Lonczak appeals his 120–month sentence imposed following his guilty plea to two counts of arson on the public domain, in violation of 18 U.S.C. § 1855 (1988). Lonczak contends the district court erred by sentencing him as a career offender under United States Sentencing Guidelines ("U.S.S.G.") §§ 4B1.1 and 4B1.2 (Nov. 1989). He argues that his prior felony conviction on June 7, 1965 for child stealing, in violation of California Penal Code § 278 (1901 Cal.Stat. Ch. 106 § 1) (repealed 1976), was not a "crime of violence." We have jurisdiction under 28 U.S.C. § 1291 (1988) and 18 U.S.C. § 3742 (1988), and we affirm.

The district court's determination that Lonczak is a career offender requires an interpretation of the guidelines, and is therefore reviewed de novo. *United States v. Becker*, 919 F.2d 568, 570 (9th Cir.1990), *cert. denied,* — U.S. ——, 111 S.Ct. 1118, 113 L.Ed.2d 226 (1991).

Under the guidelines in effect at Lonczak's sentencing on December 18, 1989, "crime of violence" is defined as follows:

(1) The term "crime of violence" means any offense under federal or state law punishable by imprisonment for a term exceeding one year that—

(i) has as an element the use, attempted use, or threatened use of physical force against the person of another, or

(ii) is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

U.S.S.G. § 4B1.2(1)(i) & (ii) (Nov. 1989).

At the time of Lonczak's 1965 conviction for child stealing, California Penal Code § 278 provided:

Every person who maliciously, forcibly, or fraudulently takes or entices away any minor child with intent to detain and conceal such child from its parent, guardian, or any other person having the lawful charge of such child, is punishable by imprisonment in the state prison not exceeding twenty years.

Cal.Penal Code § 278 (1901 Cal.Stat. Ch. 106 § 1) (repealed 1976).[1]

■ Under this statute, a defendant could be convicted of child stealing without the use, attempted use, or threatened use of force against another. Thus, on its face, the statute does not satisfy the definition of a "crime of violence" under section 4B1.2(1)(i). *See United States v. Potter*, 895 F.2d 1231, 1237

(9th Cir.), *cert. denied*, 497 U.S. 1008, 110 S.Ct. 3247, 111 L.Ed.2d 757 (1990). Such a conviction, however, may satisfy the definition of "crime of violence" under section 4B1.2(1)(ii) if it is a conviction which "otherwise involves conduct that presents a serious potential risk of physical injury to another." This is the question we consider.[2]

The application notes to U.S.S.G. § 4B1.2 in effect at Lonczak's sentencing state that if the offense is not one of the enumerated crimes of violence,[3] and does not have as an element the use, attempted use, or threatened use of physical force against another, the offense qualifies as a crime of violence if *"the conduct set forth in the count of which the defendant was convicted* involved the use of explosives, or, by its nature, presented a serious potential risk of physical injury to another." U.S.S.G. § 4B1.2, comment. (n. 2) (Nov. 1, 1989) (emphasis added).

In *United States v. Sahakian*, 965 F.2d 740 (9th Cir.1992), we stated that this commentary "shifted the emphasis from an analysis of the 'nature' of the crime charged [under the pre–1989 version] to an analysis of the elements of the crime charged or whether the actual charged 'conduct' of the defendant presented a serious risk of physical injury to another." *Id.* at 742.

We consider whether Lonczak's 1965 California conviction for child stealing satisfies the "conduct" prong of the analysis. This involves an examination of the conduct charged in the count of conviction. *Id.* The

1. The current version of California Penal Code § 278 was enacted in 1976 and amended in 1976, 1983 and 1984. It provides:

Every person, not having a right of custody, who maliciously takes, detains, conceals, or entices away, any minor child with intent to detain or conceal that child from a person, guardian, or public agency having the lawful charge of the child shall be punished by imprisonment in the state prison for two, three or four years, a fine of not more than ten thousand dollars ($10,000), or both, or imprisonment in a county jail for a period of not more than one year, a fine of not more than one thousand dollars ($1,000), or both.

Cal.Penal Code § 278 (West 1988 & Supp.1993).

2. At Lonczak's sentencing hearing, the government argued that the court should consider the underlying facts of Lonczak's child-stealing conviction. The district court did not indicate whether it took the underlying facts into account.

As we state hereafter, the underlying facts of Lonczak's child-stealing conviction are not at issue in a determination whether it was a "crime of violence" under U.S.S.G. § 4B1.2(1)(ii). *United States v. Robinson*, 967 F.2d 287, 293 (9th Cir.1992) (rejecting inquiry into underlying facts under section 4B1.2). However, even if the court improperly considered the underlying facts of Lonczak's child-stealing conviction, we may affirm the district court's decision to treat that conviction as a predicate crime in determining career offender status under U.S.S.G. § 4B1.2(1)(ii) so long as that decision is correct. *United States v. Click*, 807 F.2d 847, 850 n. 5 (9th Cir.1987).

3. " 'Crime of violence' includes murder, manslaughter, kidnapping, aggravated assault, forcible sex offenses, robbery, arson, extortion, extortionate extension of credit, and burglary of a dwelling." U.S.S.G. § 4B1.2, comment. n. 2 (Nov. 1989).

language of the November 1, 1991 clarifying amendment to Application Note 2 supports this interpretation. *Id.* The 1991 amendment states that:

> [T]he conduct set forth (*i.e., expressly charged*) in the count of which the defendant was convicted ... by its nature, presented a serious potential risk of physical injury to another. *Under this section, the conduct of which the defendant was convicted is the focus of inquiry.*

U.S.S.G. § 4B1.2, comment. (n. 2) (Nov. 1, 1991) (emphasis added).[4]

We were not provided with the indictment in Lonczak's 1965 child-stealing conviction. We know, however, that he was convicted of child stealing under California Penal Code § 278 (1901 Cal.Stat. Ch. 106 § 1) (repealed 1976). His conviction under this statute means that the conduct with which he was charged had to be conduct in violation of the statute. Under the statute, this conduct was either maliciously, forcibly, or fraudulently taking or enticing away a child with intent to detain and conceal the child from its parent, guardian or other person having lawful charge of the child. The conduct described by this statute is conduct which "presents a serious potential risk of physical injury to another" under the "otherwise" clause of U.S.S.G. § 4B1.2(1)(ii) (Nov. 1989).

This analysis is consistent with our analysis in *United States v. Huffhines,* 967 F.2d 314 (9th Cir.1992), in which we held that unlawful possession of a firearm silencer constituted a crime of violence under the "otherwise" clause of section 4B1.2(1)(ii) (Nov. 1990) because possession of a silencer *necessarily* carries a risk of serious injury. *Id.* at 320–321.

Because we can determine by looking at the child-stealing statute under which Lonczak was convicted that his charged conduct had to present a serious potential risk of physical injury to another, we need not examine the indictment that led to his 1965 conviction. *Cf. Sahakian,* 965 F.2d at 742.

Our determination that Lonczak's 1965 conviction of child stealing is a conviction of a "crime of violence" under U.S.S.G. § 4B1.2(1)(ii) is also supported by our discussion of the Armed Career Criminal Act, 18 U.S.C. § 924(e), in *United States v. Sherbondy,* 865 F.2d 996 (9th Cir.1988). Section 924(e)(2)(B) of the Armed Career Criminal Act is substantially similar to, and is the source of, the guidelines definition of "crime of violence" under U.S.S.G. § 4B1.2, U.S.S.G.App. C, amend. 268 (Nov. 1989). *See Huffhines,* 967 F.2d at 321 n. 7. Therefore, the analysis in *Sherbondy* of the scope and application of the "crime of violence" provision of section 924(e)(2)(B) is directly applicable to the determination of whether Lonczak's charged conduct constitutes a crime of violence.[5]

In *Sherbondy,* we held that the underlying facts of a conviction should not be examined to determine whether California Penal Code § 136.1(c)(1) (1988) (preventing or dissuading

---

4. While this application note was not in effect at Lonczak's sentencing, it is proper for a reviewing court interpreting the guidelines to consider amendment language that the Commission states is intended to clarify the meaning of a guideline provision. *See United States v. Restrepo,* 903 F.2d 648, 656 (9th Cir.1990) (when amendments clarify pre-existing guidelines, their retrospective application presents no *ex post facto* issue).

5. The commentary to U.S.S.G. § 4B1.4, the armed career criminal provision to the guidelines, states that "[i]t is to be noted that the definitions of 'violent felony' and 'serious drug offense' in 18 U.S.C. § 924(e)(2) are not identical to the definitions of 'crime of violence' and 'controlled substance offense' used in § 4B1.1 (Career Offender)...." U.S.S.G. § 4B1.4, comment. n. 1 (Nov. 1990). 18 U.S.C. § 924(e)(2) reads in pertinent part:

(B) the term "violent felony" means *any crime* punishable by imprisonment for a term exceeding one year, *or any act of juvenile delinquency involving the use or carrying of a firearm, knife, or destructive device that would be punishable by imprisonment for such term if committed by an adult, that—*

(i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or

(ii) is burglary, arson, extortion, involves the use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

18 U.S.C. § 924(e)(2)(B)(i) & (ii) (emphasis added). The emphasized portions of the text indicate the points where section 924(e)(2)(B) differs from section 4B1.2(1)(i) & (ii). Another difference between the guidelines and section 924(e)(2)(B) is gleaned from the commentary to *section 4B1.2. The commentary includes aiding and abetting, conspiring, and attempting to commit "crimes of violence" and "controlled substance offenses."* U.S.S.G. § 4B1.2, comment.

a witness from testifying) is a "violent felony" for purposes of sentence enhancement under section 924(e)(2)(B). *Sherbondy,* 865 F.2d at 1005–1009. We analyzed the legislative history of section 924(e) to determine whether California Penal Code § 136.1(c)(1) fell under either subsection (i) or (ii) of section 924(e)(2)(B). *Id.* We noted in dicta that the Model Penal Code definition of kidnapping, "unlawfully remov[ing] another from his place of residence or business, or a substantial distance from where he is found," does not have violence as a necessary element. *Id.* at 1009. We also stated that "removal of a person through trickery or deceit can be as unlawful as abduction at gunpoint." *Id.* We concluded that "[n]evertheless, kidnapping entails a 'serious potential risk of physical injury' to the victim, making the offense a 'violent felony' under subsection (ii)." *Id.*

In *Wilborn v. Superior Court of Humboldt County,* 51 Cal.2d 828, 337 P.2d 65 (1959), the California Supreme Court stated that child stealing under the version of section 278 then in effect was "an offense somewhat similar to the crime of kidnapping [Cal.Penal Code § 207]." *Id.* at 829, 337 P.2d at 65. The California kidnapping statute, Penal Code § 207, reads: "[e]very person who ... *abducts or takes by force or fraud* any person ... and conveys such person within the limits of this state ... is guilty of kidnapping."

Cal.Penal Code § 207(d) (1988) (emphasis added). Kidnapping under section 207(d), like child stealing under section 278, does not have as a necessary element the use of force; it can be accomplished by fraud or abduction without force. *Sherbondy,* 865 F.2d at 1009. Nevertheless, kidnapping, according to the *Sherbondy* dicta, is a crime of violence because it involves a serious potential risk of physical injury to the victim.[6]

Lonczak's conduct in either maliciously, forcibly, or fraudulently taking or enticing away the child victim, with intent to detain or conceal the child from its parent or guardian, in violation of California Penal Code § 278 offers the same serious potential risk of physical injury to the stolen child as kidnapping does to a kidnapped person. We hold, therefore, that Lonczak's conviction for child stealing as defined in the former California Penal Code § 278 (1901 Cal.Stat. Ch. 106 § 1) (repealed 1976) is a crime of violence for purposes of determining career offender status under U.S.S.G. § 4B1.2(1)(ii).[7]

The district court did not err in sentencing Lonczak as a career offender under U.S.S.G. §§ 4B1.1 and 4B1.2 (Nov. 1989).

AFFIRMED.

---

n. 1 (Nov. 1990). However, as illustrated above, the basic definition of "violent felony" under section 924(e)(2)(B)(i) & (ii) is identical to the definition of "crime of violence" under U.S.S.G. § 4B1.2(1)(i) & (ii).

Although section 924(e) does not include the commentary language directing the court to focus upon the defendant's charged conduct found in U.S.S.G. § 4B1.2, that commentary does not alter the basic analysis of what kind of conduct constitutes a crime of violence.

**6.** As noted in note 3, *supra,* kidnapping is a predicate crime for career offender status under application note 2 to section 4B1.2.

**7.** At the time of Lonczak's conviction, California treated child stealing in the context of parental custody or visitation rights by court order under California Penal Code § 279 (1965 Cal.Stat. Ch. 194 § 1) (repealed 1976). That crime was a misdemeanor. The version of section 278 under which Lonczak was convicted was interpreted to extend to a parent not having lawful physical charge of the minor. *People v. Irwin,* 155 Cal.

App.3d 891, 202 Cal.Rptr. 475, 478 n. 7 (Cal. App.1984). However, either parent is privileged to peaceably take exclusive possession of the child, absent a judicial order affecting physical custody. *Id.,* 202 Cal.Rptr. at 477 n. 5. Hence, absent some court order affecting custody, section 278 does not apply to parents. However, California has since enacted other statutes which deal with child abduction in the context of child custody and visitation disputes. *See, e.g.,* Cal.Penal Code § 277 (West 1988 & Supp.1993) (abduction of child by one having right of custody but lacking a court order for custody or visitation); Cal.Penal Code § 278.5 (West 1988 & Supp.1993) (abduction of child in violation of court order for custody or visitation); Cal.Penal Code § 280 (West 1988 & Supp.1993) (abduction of child when adoption proceedings pending). California has also reduced substantially the penalty for child stealing under the current version of California Penal Code § 278. We do not decide whether persons convicted under these current statutes, or under the former section 279, commit "crimes of violence" within the meaning of U.S.S.G. § 4B1.2(1)(ii).