15 F.3d 1091
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Esaul DIAZ, Defendant-Appellant.
 No. 93-50299.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 6, 1993.*
Decided Dec. 20, 1993.
 
 Before: SNEED, NOONAN, and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Defendant Esaul Diaz appeals from the sentence imposed by the district court for his conviction under 18 U.S.C. Sec. 111, arguing that the district court should not have sentenced him as a career offender. We affirm.
 
 I.
 FACTS AND PROCEEDINGS BELOW
 
 3
 On November 23, 1992, Diaz pled guilty to a charge of forcibly assaulting, resisting, opposing, impeding, and interfering with a postal employee in violation of 18 U.S.C. Sec. 111. Based on Diaz' criminal history, and on its determination that the current offense was a crime of violence, the district court sentenced Diaz as a career offender under the Sentencing Guidelines.
 
 
 4
 Diaz appeals, arguing that his current conviction under 18 U.S.C. Sec. 111 is not categorically a "crime of violence" and that the district court should not have applied the career offender provisions.
 
 II.
 JURISDICTION AND STANDARD OF REVIEW
 
 5
 We have jurisdiction under 28 U.S.C. Sec. 1291. The district court's determination that Diaz is a career offender requires an interpretation of the Sentencing Guidelines, which we review de novo. United States v. Lonczak, 993 F.2d 180, 180 (9th Cir.1993).
 
 III.
 DISCUSSION
 
 6
 Under the Sentencing Guidelines, a defendant is considered a "career offender" if (1) that defendant was at least eighteen years old at the time of the instant offense, (2) the instant offense is a felony, and is either a crime of violence or controlled substance offense, and (3) the defendant has at least two prior felony convictions, each of which is either a crime of violence or controlled substance offense. U.S.S.G. Sec. 4B1.1 (Nov. 1993). Diaz does not challenge his prior convictions, nor does he contest that he was not eighteen years old or over at the time of his current offense. As a result, the only issue before us is whether his violation of 18 U.S.C. Sec. 111 constitutes a crime of violence.
 
 
 7
 The Guidelines define a crime of violence as an offense punishable by imprisonment for a term exceeding one year that either "(i) has as an element the use, attempted use, or threatened use of physical force against the person of another, or (ii) ... involves conduct that presents a serious potential risk of physical injury to another." U.S.S.G. Sec. 4B1.2(1). For the first half of this test, we employ a categorical approach, looking only to the statutory elements of the crime charged and not to the particular facts of a given defendant's conviction. See United States v. Sherbondy, 865 F.2d 996, 1005-06 (9th Cir.1988). For the second half, however, we may look either to the statutory definition of the crime or to the actual conduct charged in the indictment or information. United States v. Young, 990 F.2d 469, 471-72 (9th Cir.) (citing U.S.S.G. Sec. 4B1.2, comment. (n. 2)), cert. denied, 114 S.Ct. 276 (1993).
 
 
 8
 We need not, and do not, determine whether the statutory elements of 18 U.S.C. Sec. 111 make it categorically a crime of violence.[1] By looking to the actual conduct charged in Diaz' indictment, we find that his conviction under that statute did constitute a crime of violence.
 
 
 9
 The indictment expressly charges that Diaz "forcibly assaulted, resisted, opposed, impeded and interfered with ... an employee of the U.S. Postal Service." Among other things, then, it charges Diaz with forcibly assaulting another person. Diaz concedes that assault "clearly" constitutes a crime of violence, and indeed the Application Notes to the Sentencing Guidelines specifically mention aggravated assault as such a crime. See U.S.S.G. Sec. 4B1.2, comment. (n. 2). Moreover, assault under 18 U.S.C. Sec. 111 is defined as "a willful attempt to inflict injury upon the person of another," or a threat and apparent ability to inflict injury which "cause[ ] a reasonable apprehension of immediate bodily harm." United States v. Sommerstedt, 752 F.2d 1494, 1496 (9th Cir.), amended on other grounds, 760 F.2d 999 (9th Cir.), cert. denied, 474 U.S. 851 (1985). Either activity, almost by definition, presents a serious potential risk of physical injury to another.
 
 
 10
 Diaz argues that, although the indictment charges him with assault, the government was not required to prove assault under 18 U.S.C. Sec. 111, which requires only that a defendant assault, resist, oppose, impede, or interfere with certain federal employees. He then contends that because a violator might, for example, "interfere" with a federal employee without any risk of physical harm, the statute does not define a crime of violence.
 
 
 11
 We disagree with Diaz' approach. If we look only to what the government is required to prove under a given statute, we would render the actual conduct charged in the indictment meaningless. The Sentencing Guidelines require us to look at both the statute and the indictment. In United States v. Hayes, No. 91-30432, slip op. at 11417, 11421 (9th Cir. Oct. 8, 1993), we determined that a defendant charged with possessing an unregistered sawed-off shotgun had committed a crime of violence, because of the danger inherent in such a weapon. Under the related statute, 26 U.S.C. Sec. 5861(d), the government was only required to prove that the defendant possessed an unregistered firearm. See 26 U.S.C. Sec. 5861(d). Here, even if the government only needed to prove that Diaz interfered with a postal employee, it charged him with assaulting that employee. That assault clearly presented a serious potential risk of physical injury, and therefore constituted a crime of violence.
 
 
 12
 AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for submission without argument pursuant to 9th Cir.R. 34-4 and Fed.R.App.P. 34(a)
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 In this respect, we depart from the district court's decision, which held that 18 U.S.C. Sec. 111 was a categorical crime of violence under U.S.S.G. Sec. 4B1.2(1)(i). Nevertheless, we find infra that the violation in this case did constitute a crime of violence under Sec. 4B1.2(1)(ii), and we may affirm the district court's decision on that ground. See Lonczak, 993 F.2d at 181 n. 2