*66 ELDER, Judge, with whom BENTON, J.,
joins, dissenting.
I respectfully dissent because I believe that Moore, as one of the child’s natural parents, had the “legal justification or excuse” necessary to take the child without violating Code § 18.2M7 and that, because Moore’s actions did not constitute abduction, appellant could not be convicted for being a principal in the second degree.[7]
The majority asserts that “excuses relate to a condition that is peculiar to the actor” and “are generally considered to be non-delegable,” whereas justification defenses “generally provide[] a right to persons other than the primary actor to assist, or to directly defend the interests of, the primary actor.” Op. at 62 & n. 4 (emphasis added). However, the majority recognizes that many “difficulties [are] encountered in defining the principles which comprise and underlie the theories of justification and excuse,” id. at 63, and one of the authorities it cites suggests that any attempt to systematically and comprehensively distinguish all instances of justification and excuse should be abandoned, see Kent Greenawalt, The Perplexing Borders of Justification and Excuse, 84 Colum.L.Rev. 1897, 1898, 1902-03, 1927 (1984). With these principles in mind, I would hold that the majority opinion inappropriately limits the terms “legal justification”[8] and “excuse” by ignoring their plain meaning and that Moore’s status as a natural parent provided the legal justification or excuse *67 necessary to exempt his behavior from the ambit of Code § 18.2-47.
A fundamental rule of statutory construction provides “that a statute must be construed from its four corners and not by singling out particular words or phrases.” Smith v. Commonwealth, 8 Va.App. 109, 113, 379 S.E.2d 374, 376 (1989). “If the several provisions of a statute suggest a potential for conflict or inconsistency, we construe those provisions so as to reconcile them and to give full effect to the expressed legislative intent.” Mejia v. Commonwealth, 23 Va.App. 173, 176-77, 474 S.E.2d 866, 868 (1996) (en banc). “[A] statute should never be construed so that it leads to absurd results. In addition, penal statutes must be strictly construed against the Commonwealth and applied only in those cases clearly falling within the language of the statute.” Branch v. Commonwealth, 14 Va.App. 886, 839, 419 S.E.2d 422, 424 (1992) (citations omitted).
Code § 18.2 — 47 provides that “[ajbduction for which no punishment is otherwise prescribed shall be punished as a Class 5 felony.” It also provides that
such offense, if committed by the parent of the person abducted and punishable as contempt of court in any proceeding then pending, shall be a Class 1 misdemeanor in addition to being punishable as contempt of court. Provided further, however, that [if] ... the person abducted is removed from the Commonwealth by the abducting parent, [it] shall be a Class 6 felony in addition to being punishable as contempt of court.
I believe the majority’s construction of Code § 18.2 — 47 results in illogically disproportionate treatment of offenders. A parent taking his or her natural child with intent “to withhold or conceal” the child from the other natural parent at a time when no custody proceeding was pending would be guilty of a Class 5 felony. However, if a parent committed the same act while a custody proceeding was pending, he or she would be guilty of a lesser offense, a Class 1 misdemeanor or a Class 6 felony, depending on the circumstances. I cannot conclude that the legislature intended to punish parental *68 abduction during the pendency of a custody proceeding as a lesser crime than the same act committed when no custody proceeding has been initiated.
For these reasons, I would construe Code § 18.2-47 to provide that, if no custody proceedings are pending, the natural parent of a child may not be convicted for abducting the child “with the intent ... to withhold or conceal him from any person ... lawfully entitled to his charge.” I would hold that if no custody proceedings are then pending, the natural parent acts with “legal justification or excuse” as those terms are used in Code § 18.2-47. Therefore, I would hold that Moore’s actions in taking the child did not constitute abduction.
I also would hold that appellant’s conviction for abduction under the facts of this case depended on whether Moore’s actions were legally justified or excused. The majority rejects this approach, holding that appellant is not entitled to rely upon Moore’s defense of excuse, if he has such a defense. It also holds implicitly that the facts do not support a defense of justification. A split of authority exists regarding whether an agent or other person present with and assisting a parent to gain exclusive custody of a child may be found guilty of kidnapping when the parent himself has committed no illegal act.[9] See State v. Stocksdale, 138 N.J.Super. 312, 350 A.2d 539, 541 (1975); William B. Johnson, Annotation, Kidnapping or Related Offense by Taking or Removing of Child by or Under Authority of Parent or One In Loco Parentis, 20 A.L.R.4th 823 § 4 (1983 & Supp.1997). The majority of jurisdictions hold that a parent’s agent may not be held liable; *69 the minority of jurisdictions hold that, because only the parent has a right to custody, parental immunity does not shield one who helps the parent. See Stocksdale, 850 A.2d at 541; Wilborn v. Superior Ct., 51 Cal.2d 828, 337 P.2d 65, 66 (1959) (en banc).
I would hold that the approach adopted by a majority of jurisdictions — and rejected by the majority of this Court — is the better reasoned. As explained in Stocksdale,
[A]ny person who aids or abets another to commit a crime is punishable as a principal.
There is no prerequisite to a conviction of an aider and abettor that the principal be tried and convicted. Each participant in an illegal venture is required to “stand on his own two feet.” An aider or abettor, for example, may generally be convicted where the principal has a defense personal to himself which exonerates him from criminal responsibility.
There are, however, exceptions to this general rule of accessorial liability. Accomplice liability, for example, is not sustained where the defense of one party not only exonerates himself but also changes the character of the act so that it can no longer be viewed as criminal in nature.
350 A.2d at 543-44 (citations omitted). In a parental abduction case such as this one, appellant’s liability as a principal in the second degree is wholly derivative of Moore’s liability. The existence of legal justification or excuse for Moore’s actions does not simply immunize him from criminal liability; rather, it so “changes the character of the act ... that it can no longer be viewed as criminal in nature.” Id. at 544. Therefore, I would hold that appellant’s acts in aiding and abetting Moore, like Moore’s acts, did not violate Code § 18.2-47.
For the foregoing reasons, I would hold (1) that a parent does not commit abduction in violation of Code § 18.2-47 when the parent takes his child from the custody of the child’s other natural parent “with the intent [only] to withhold or conceal him from [the other natural parent] lawfully entitled to his *70 charge” as long as no custody order is then pending or in effect, and (2) that one who aids that parent in taking the child also does not commit abduction. Therefore, I would reverse and dismiss appellant’s abduction conviction without reaching the question of the factual sufficiency of the evidence.

. Per appellant’s representations on brief at the panel stage, Moore was, in fact, acquitted of abduction in the trial court.

. In fact, the majority opinion provides no clear explanation for its implicit conclusion that the defense of justification is not available to appellant. It recognizes that appellant contends her actions were legally justified, see op. at 56-57, 59, 60, and it states that Code § 18.2-47 exempts from liability “individuals who are legally justified,” "individuals who are legally excused” and “any law-enforcement officer acting in the performance of his or her duty,” op. at 62. It then concludes, without elaboration, that ”[o]nly the second exemption, legal excuse,’ is raised by the contentions in this case.” Id. at 62.

. This case does not require resolution of whether a parent’s right to custody of his or her child may be delegated to an agent to exercise either in the presence of the delegating parent or in his absence. See Wilborn v. Superior Ct., 51 Cal.2d 828, 337 P.2d 65, 66 (1959) (en banc) (noting that "[i]f a child be taken or enticed away from one parent by the other parent, the mental anxiety of the parent who loses the child would not ordinarily be nearly so great as where the child passes into the hands of one having no parental obligations toward the child”). The trial court limited its conviction of appellant by a finding that appellant was guilty as a principal in the second degree.